FILED

AUG 27 2003

, CLERK
uptcy Courts
hern District of West Virg

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

BLUESTONE COAL CORPORATION,

        Plaintiff,

v.

RICKY A. JOHNSON,

        Defendant.

CIVIL CASE NO. 1:03-0210

## COMPLAINT

Plaintiff, Bluestone Coal Corporation ("Plaintiff"), brings this action against Defendant, Ricky A. Johnson.

### JURISDICTION AND VENUE

1. Plaintiff brings this action pursuant to the Federal Arbitration Act found at 9 U.S.C. §§ 1-16.

2. This Court has jurisdiction of this action under Section 301 of the Labor Management Relations Act, found at 29 U.S.C. § 185, given that Defendant has violated the grievance-arbitration provisions contained in the governing collective bargaining agreement and given that an interpretation of those provisions is necessary.

3. Defendant Ricky A. Johnson, a resident of Mercer County, West Virginia, is subject to the personal jurisdiction of this Court.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 given that (a) the governing collective bargaining agreement and Defendant's breach of the agreement

CH620993.1

arose in this judicial district and (b) Defendant resides in Mercer County, West Virginia, which is located within this judicial district.

## FACTUAL STATEMENT

5. For a number of years, a collective bargaining agreement titled "National Bituminous Coal Wage Agreement" ("Wage Agreement") has been entered into by and between Plaintiff (among other coal operators) and International Union, United Mine Workers of America ("the Union"). The Wage Agreement covering the employment incident at issue in this matter was effective by its terms from January 1, 1998 until December 31, 2001. (Copies of Articles I, IA and XXIX of the Wage Agreement are attached hereto as Exhibit A and are fully incorporated herein by reference.)

6. Pursuant to the Wage Agreement, Plaintiff recognizes the Union as the exclusive representative of its employees, with several specified exemptions. (Id.)

7. Contained in the Wage Agreement is a "Discharge Procedure" which includes grievance and arbitration provisions as well as a separate "Grievance Procedure" ("the grievance-arbitration procedure"). The grievance-arbitration procedure is the duly chosen instrument for the resolution of, among other things, all disputes between Plaintiff and any employee arising under the Wage Agreement, all disputes regarding discipline or discharge, and all disputes about matters not specifically mentioned in the Wage Agreement. The procedure must be initiated and continued by the aggrieved employee. (Copies of Articles XXIII and XXIV of the Wage Agreement are attached hereto as Exhibit B and are fully incorporated herein by reference.)

CH620993.1

2

8. Also contained in the Wage Agreement is a provision titled "Physical Examination." Among other things, this provision covers physical examinations required as a "condition of or in employment" and it sets forth a procedure for termination or refusal to recall an Employee for medical reasons and allows an employer to terminate an employee where examining physicians have concurred that "there has been a deterioration in the physical condition which prevents the Employee from performing his regular work." It also provides that "[t]he retention or displacement of Employees because of physical conditions shall not be used for the purpose of effecting discrimination." (A copy of Article III - Section (j) of the Wage Agreement is attached hereto as Exhibit C and is fully incorporated herein by reference.)

9. At Section (l) of Article III, which is titled "Workers' Compensation and Occupational Disease," Plaintiff and the Union agreed that Plaintiff would "provide the protection and coverage of the benefits under workers' compensation and occupational disease laws, whether compulsory or elective, existing in the states in which the respective Employees are employed." Additionally, this provision contractually establishes that the refusal of any Employer "to carry out this directive shall be deemed a violation of this Agreement." (A copy of Article III - Section (l) of the Wage Agreement is attached as Exhibit D and is fully incorporated herein by reference.)

10. Article XXVII is titled "Maintain Integrity of Contract and Resort to Courts." This provision sets forth the agreement of the Union and Plaintiff that "except as provided herein, they will maintain the integrity of this contract and that all disputes and claims which are not settled by agreement shall be settled by the machinery provided in the 'Settlement of Disputes' article of this agreement unless national in character in which event the parties

shall settle such disputes by free collective bargaining and as heretofore practiced in the industry, it being the purpose of this provision to provide for the settlement of all such disputes and claims through the machinery in this contract and by collective bargaining without recourse to the courts." (A copy of Article XXVII is attached as Exhibit E.)

11. Agreements to grieve and/or arbitrate claims, such as that set forth in the Wage Agreement, are valid and enforceable under the Federal Arbitration Act found at 9 U.S.C. §§ 1-16, and under Section 301 of the Labor Management Relations Act found at 29 U.S.C. § 185.

12. As a Union member, the grievance-arbitration process is the exclusive remedy for Defendant's dispute with Plaintiff and one by which Defendant is bound.

13. Despite the agreement to grieve and arbitrate employment-related disputes, including, but not limited to, discharge disputes, Defendant has failed to follow the mandatory steps of the grievance-arbitration process.

14. Rather, as aforementioned, on April 5, 2002, Defendant commenced a lawsuit styled <u>Ricky A. Johnson v. Bluestone Coal Corporation, et al.</u>, Civil Action No. 02-C-74-M, in the Circuit Court of McDowell County, West Virginia, claiming, among other things, that Plaintiff wrongfully discharged him in violation of Section 23-5A-1 of the West Virginia Code in that Plaintiff allegedly discriminated against him on account of his receipt of workers' compensation benefits. (<u>See</u> state court complaint, a copy of which is attached hereto as Exhibit F). Defendant, a Union member, was laid-off by Plaintiff in the spring of 2001. At the time, he was employed as a roof top bolter at Plaintiff's No. 45 contract mine, The Captain and Toby, located in McDowell County. Although other laid-off workers were re-hired at another

contract mine, Defendant was not. On April 13, 2000 and pursuant to the Wage Agreement, he filed a grievance with UMWA Local 5136. On April 19, 2000 a settlement agreement was signed in which Plaintiff agreed to re-hire Defendant after the purchase of an unspecified number of coal haulers. The coal haulers were not purchased and Defendant subsequently filed suit in state court.

15. All of the employment matters at issue in Defendant's underlying state court lawsuit fall within the scope of the Wage Agreement, are inextricably intertwined with an application and interpretation of the Wage Agreement and are covered thereby.

16. Additionally, Section 23-5A-3 of the West Virginia Code, which Defendant contends was violated, specifically provides that any civil action brought under that section shall be subject to, among other things, an arbitrator's decision as well as to any applicable federal statute or regulation.

17. After Defendant instituted his civil action in the Circuit Court of McDowell County, Plaintiff requested that he dismiss his case and honor his contractual commitment to arbitrate the dispute. (A copy of the August 15, 2003 letter from counsel for Plaintiff is attached hereto as Exhibit G and fully incorporated herein by reference.)

18. Plaintiff is aggrieved by Defendant's refusal to honor the Wage Agreement and pursue his claims through the grievance-arbitration process and is compelled to initiate this action to obtain enforcement of the agreement to grieve and arbitrate pursuant to the Federal Arbitration Act.

19. Pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, this Court should order

CH620993.1

5

Defendant to submit his claims to the grievance-arbitration process in accordance with the agreement to do so.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks that the Court:

1. Proceed summarily to the determination of the issue of the existence and validity of the grievance-arbitration agreement and find such agreement valid and enforceable under the Federal Arbitration Act and the Labor Management Relations Act;

2. Order Defendant to dismiss his lawsuit in state court and pursue no further relief in that forum;

3. Order Defendant to pursue his claims, if at all, in grievance-arbitration proceedings pursuant to the agreement to do so with Plaintiff;

4. Administratively close this case pending such grievance-arbitration proceedings, if any, with either party authorized to seek reinstatement following such proceedings to obtain confirmation or other review of any arbitral award, in accordance with applicable provisions of the Federal Arbitration Act; and

5. Award Plaintiff its costs, attorney's fees, and interest thereon, as provided by law, and such other relief as the Court may deem equitable.

Dated this 27th day of August, 2003.

                                                   Bryan R. Cokeley (WV Bar #774)
                                                   Faisal B. Siddiqui (WV Bar #9107)
STEPTOE & JOHNSON PLLC            Seventh Floor, Bank One Center
      Of Counsel                            P. O. Box 1588
                                                   Charleston, WV 25326-1588
                                                   (304) 353-8000

                                                   Counsel for Bluestone Coal Corporation